UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVSION

| | |
|---|---|
| RANDY VEEDER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS, TRI-CAP, BOARD OF DIRECTORS, GARY DAVIS, VICKI ERVIN, JANET COCHRAN, LACROSS, ERIC BURGESS, SANDRA EAGLE, BRIAN MAGIPORA,<br><br>Defendants. | 4:17-CV-11690-TGB<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 21) |

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff Randy Veeder was previously confined at the Midland County Jail.[1] His claims concern events occurring while he was serving a term of parole at two residential drug treatment facilities, TRI-CAP and New

---

[1] It appears that Plaintiff is now incarcerated at the Macomb Correctional Facility. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=244093 (last visited March 22, 2018); *see also* Dkt. 18, Plaintiff's notice of change of address.

Paths, Inc., located in Saginaw and Flint, Michigan, respectively. On November 3, 2017, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris (Dkt. 16)

This matter is before the Court on Magistrate Judge Patricia T. Morris's January 10, 2018 report and recommendation (Dkt. 21), recommending that several Defendants and claims be dismissed from this lawsuit[2], and that Plaintiff's motion for access to a law library (Dkt. 3), motion to transfer facilities (Dkt. 6) and motion for discovery (Dkt. 7) each be denied. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* Plaintiff filed timely objections to the

---

[2] Magistrate Judge Morris recommends dismissal based on her initial screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). Specifically, Magistrate Judge Morris recommends that the following Defendants be dismissed from this case – "Ms. Beaman," Janet Cochran, Gary Davis, Vicki Ervin, "Mr. Floyd," "Mr. Lacross," the Michigan Department of Corrections (MDOC), Pamela Nadzan, Heidi Washington, and "Mr. Williams." Thus, the remaining Defendants would be Open Door, TRI-CAP, Eric Burgess, New Paths, Inc., and its employees "Mr. Hutchinson," "Ms. Lewis," and Burnetta Mitchell, and Midland County employees Sandra Eagle, Brian Mangapora, and William Raleigh. However, Magistrate Judge Morris further recommends that all of Plaintiff's claims against these remaining Defendants in their official capacities be dismissed, leaving only individual capacity claims.

2

report and recommendation (Dkt. 22). For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and recommendation is hereby **ACCEPTED** and **ADOPTED**.

## BACKGROUND

Magistrate Judge Morris's report and recommendation does an admirable job summarizing the claims raised in Plaintiff's Complaint, and there is no need to reiterate that summary here. Based on her review of Plaintiff's Complaint, Magistrate Judge Morris recommends that Plaintiff's claims against the Michigan Department of Corrections be dismissed based on Eleventh Amendment immunity (Dkt. 21, Pg IDs 106-107). She next recommends that Plaintiff's claims against all Defendants in their official capacities should likewise be similarly dismissed based on immunity. *Id.* Pg IDs 107-108.

As to Defendants Beamon, Cochran, Davis, Ervins, Floyd, Nadzan, Washington, and Williams, Magistrate Judge Morris notes that Plaintiff's Complaint either fails to allege any specific wrongdoing (as in the case of Floyd and Williams), or alleges only supervisory liability (Washington, Beaman, Cochran, Davis, Ervins, and Nadzan).

3

Magistrate Judge Morris next considers Plaintiff's claim against Defendant Lacross. This claim revolves around an incident that occurred at TRI-CAP on February 17, 2017, as Plaintiff and others returned from a work detail outside the facility (Dkt. 19, Amend. Compl. at 5). TRI-CAP staff routinely strip-searched residents returning from such outside details, but Plaintiff alleges that on this occasion, the search crossed a line into sexual assault. *Id*. He describes how TRI-CAP staff member Lacross instructed the residents to strip and stand with their hands against the wall, and then spread each resident's buttocks to search for contraband in the anal cavity. *Id*. Lacross had never touched Plaintiff's buttocks during a search before, and Plaintiff makes no allegation that any TRI-CAP employee had done so since. *Id*. Magistrate Judge Morris concludes that these allegations, even when accepted as are true and viewed in a light most favorable to Plaintiff, do not give rise to the level of cruel and unusual punishment under the Eighth Amendment.

Finally, Magistrate Judge Morris recommends dismissal of Plaintiff HIPAA claim (because that statute does not permit a private cause of action), and that three motions filed by Plaintiff (for access to a law library, to transfer facilities, and to compel discovery) each be denied.

Plaintiff raises three objections (Dkt. 22) to Magistrate Judge Morris's recommendations. First, Plaintiff argues that it is improper to dismiss his official capacity claims, as he intended (but failed), to include a claim for "prospective injunctive relief" in his Amended Complaint (Dkt. 22). This objection is not well-taken, because Plaintiff no longer resides in the New Paths or TRI-CAP facilities, and is now incarcerated in the Macomb Correctional Facility. *See, e.g., Cardinal v. Metrish,* 564 F.3d 794, 799 (6th Cir. 2009) citing *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996) (holding prisoner's claim for injunctive and declaratory relief mooted by his transfer to new facility).

Plaintiff's second objection concerns Magistrate Judge Morris's recommended dismissal of the supervisory Defendants. Plaintiff argues in somewhat conclusory fashion that Defendants as a "whole" approved of the violations he alleges. Plaintiff's objections are unconvincing. The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability to supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*

*v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County*, Ky., 668 F.2d 869, 874 (6th Cir. 1982); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks omitted). In this case, Plaintiff fails to allege any specific conduct by these Defendants that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Because Magistrate Judge Morris's recommendation is sound, these Defendants will be dismissed from this action.

Plaintiff's third and final objection concerns Defendant Lacross. Plaintiff argues that a single incident during a strip search when Defendant Lacross allegedly touched Plaintiff's buttocks gives rise to a constitutional claim, under the Eighth Amendment. Magistrate Judge

Morris correctly found that this is not the law. *See, e.g., Jackson v. Madery*, 158 Fed. App'x. 656, 661-62 (6th Cir. 2005) (guard's rubbing and grabbing the plaintiff's buttocks in a degrading and humiliating manner during a "shakedown" does not amount to cruel and unusual punishment under the Eighth Amendment); *see also Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment). As such, this objection is also overruled.

## CONCLUSION

For the reasons set forth above, Magistrate Judge Morris's January 10, 2018 report and recommendation (Dkt. 21) is hereby **ACCEPTED** and **ADOPTED**. The following Defendants are hereby **DISMISSED** from this case -- "Ms. Beaman," Janet Cochran, Gary Davis, Vicki Ervin, "Mr. Floyd," "Mr. Lacross," the Michigan Department of Corrections ("MDOC"), Pamela Nadzan, Heidi Washington, and "Mr. Williams." Plaintiff's official capacity claims against the remaining Defendants are also **DISMISSED**. Finally, Plaintiff's motion for access to the law library

(Dkt. 3), motion to transfer to a facility with a law library (Doc. 6), and motion for discovery (Doc. 7) are each **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2018

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 28, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager