UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVSION

| | |
|---|---|
| **RANDY VEEDER,** | 4:17-cv-11690-TGB-PTM |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | ORDER ADOPTING REPORTS AND RECOMMENDATIONS |
| **TRI-CAP, BOARD OF DIRECTORS, ERIC BURGESS, SANDRA EAGLE, BRIAN MAGIPORA, HUTCHINSON, LEWIS, BURNETTA MITCHELL, OPEN DOOR, NEW PATHS, INC., and WILLIAM RALEIGH,** | (1) GRANTING IN PART TRI-CAP AND ERIC BURGESS'S MOTION TO DISMISS; AND (2) GRANTING IN PART SANDRA EAGLE AND BRIAN MAGIPORA'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT |
| Defendants. | |

This is a civil rights case brought under 42 U.S.C. § 1983. Plaintiff Randy Veeder claims his rights were violated while he was living at Open Door, a homeless shelter in Midland, Michigan, and while serving parole at two residential drug treatment facilities, TRI-CAP and New Paths, Inc., located in Saginaw and Flint, Michigan, respectively. On November

1

3, 2017, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. Min. Entry dated Nov. 3, 2017, ECF No. 16.

Presently before the Court are two Reports and Recommendations from Magistrate Judge Morris on the pending motions to dismiss and for summary judgment. The first Report and Recommendation (ECF No. 53), dated July 27, 2018, recommends that defendants TRI-CAP and Eric Burgess's motion to dismiss (ECF No. 35) be granted in part and Veeder's claims against Burgess dismissed. It also recommends that the Court *sua sponte* dismiss Veeder's claims against Board of Directors, Hutchinson, Lewis, and Burnetta Mitchell. The second Report and Recommendation (ECF No. 59) from Magistrate Judge Morris, dated December 13, 2018, recommends granting defendants Sandra Eagle and Brian Magipora's motion to dismiss claims relating to Veeder's alleged sexual assault, and denying Eagle and Magipora's motion for summary judgment on claims relating to religious programming at Open Door. This second Report and Recommendation also recommends *sua sponte* dismissal of Veeder's claims against Magipora that concern his placement at Open Door. For the reasons described below, this Court will accept and adopt both of the Magistrate Judge's Reports and Recommendations (ECF Nos. 53, 59).

2

**BACKGROUND**

Veeder alleges numerous civil rights violations by the defendants, which are described in detail in Magistrate Judge Morris's Reports and Recommendations. *See* ECF Nos. 21, 53, and 59. He says that in 2015 Sandra Eagle, his parole agent, and Eagle's supervisor, William Raleigh, forced him to reside at Open Door, a homeless shelter in Midland, Michigan, where he was required to participate in religious services and activities in violation of his First Amendment rights. *See* Am. Compl. at 1–2, ECF No. 25. Veeder has similar complaints about the TRI-CAP residential program in Saginaw, Michigan, where he avers attendance at the faith-based program run by a church was mandatory. *Id.* at 4. He further alleges that, while residing at TRI-CAP, Eagle and probation agent Brian Magipora forced him to participate in a program through which he worked in a Saginaw cemetery. *Id.* at 3–4. According to Veeder, this role required him to bury people in the cemetery during winter without access to proper clothing or adequate food. *Id.* at 3–4. He was also instructed to participate in religious ceremonies for those he buried. *Id.*

Additionally, Plaintiff asserts he was sexually assaulted by Lacross, who worked at TRI-CAP. *Id.* at 5. Specifically, Plaintiff says he was

strip-searched and subjected to a body cavity search in which Lacross and Burgess physically spread his buttocks to check for contraband. *Id.* When the incident came up during a group therapy session that evening, the resident therapist advised Veeder and other individuals present that they could call the police to make a complaint. *Id.* at 7. Veeder and his cohorts called the police, but when they arrived Burgess sent the therapist home and remained present while the men made their statements. *Id.* at 6–7. Veeder viewed this behavior as an effort at intimidation. *Id.* He complained of these various alleged civil rights violations to Mangipora and Eagle. *Id.* at 8. But Veeder says they ignored his requests for access to legal materials and to speak with an attorney. *Id.* at 8. The allegations are more comprehensively set forth in the Magistrate Judge's Reports and Recommendations. *See* ECF Nos. 21, 53, and 59.

## LAW AND ANALYSIS

The Court has reviewed the Magistrate Judge's Reports and Recommendations on defendants' motions to dismiss and for summary judgment. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the

report and recommendations. 28 U.S.C. § 636(b)(1). As of this date, neither party has filed any objections to either of Magistrate Judge Morris's Report and Recommendations. The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id*. Where, as here, neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn,* 474 U.S. 140, 149-52 (1985). The Court will therefore accept the Magistrate Judge's Reports and Recommendations of July 27, 2018, and December 13, 2018 as this Court's findings of fact and conclusions of law.

Accordingly, it is hereby ordered that Magistrate Judge Morris's Report and Recommendation of July 27, 2018, (ECF No. 53) is **ACCEPTED** and **ADOPTED**. TRI-CAP and Burgess's motion to dismiss is therefore **GRANTED IN PART AND DENIED IN PART**, and Burgess is hereby dismissed from this suit. Consistent with the Report and Recommendation, Veeder's claims against defendants Board of Directors, Hutchinson, Lewis, and Burnetta Mitchell are hereby also *sua sponte* dismissed.

It is further ordered that Magistrate Judge Morris's Report and Recommendation of December 13, 2018 is **ACCEPTED** and **ADOPTED**. Defendants Sandra Eagle and Brian Magipora's motion is **GRANTED IN PART AND DENIED IN PART.** Specifically, Eagle and Magipora's motion to dismiss claims relating to the alleged sexual assault is **GRANTED** but their motion for summary judgment on claims relating to religious programming at Open Door is **DENIED.** Additionally, claims against Magipora concerning Veeder's placement at Open Door are hereby *sua sponte* dismissed.

**SO ORDERED.**

Dated: January 15, 2019              s/Terrence G. Berg
                                                      TERRENCE G. BERG
                                                     UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on January 15, 2019, using the CM/ECF system, which will send notification to all parties.

                                                                        s/A. Chubb
                                                                        Case Manager